**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION**

|  |  |
|---|---|
| COLLEEN HANLEY, et al.,   )<br>                                                     )<br>               PLAINTIFFS,   )<br>v.                                               )<br>                                                     )<br>HAND 'N HEART, L.L.C., et al.,   )<br>                                                     )<br>               DEFENDANTS.   )<br>_____)<br>                                                     )<br>JAJUAN KENDALL,                   )<br>                                                     )<br>               PLAINTIFF,      )<br>                                                     )<br>v.                                                )<br>                                                     )<br>HOPE IN HOME CARE, et al.,    )<br>                                                     )<br>               DEFENDANTS.    )<br>_____) | Civil No. 4:06cv71<br><br><br><br><br><br><br><br><br>Civil No. 4:06cv143 |

**OPINION and ORDER**

This matter is before the Court on Plaintiffs' Motion for Collective Action Certification and Court Facilitated Notice pursuant to 29 U.S.C. § 216(b). Doc. 6 (Motion filed October 17, 2006). For the reasons that follow, Plaintiffs' Motion is **GRANTED** in part, and **DENIED** in part.

I.    P<small>ROCEDURAL</small> H<small>ISTORY</small>[1]

A.    <u>Hanley: 4:06cv71</u>

On May 26, 2006, Plaintiff Colleen Hanley ("Hanley") filed a Collective Action Complaint against Hand 'N Heart, L.L.C. ("HNH") and other individual defendants ("HNH Defendants"), asserting violations of the Fair Labor Standard Act of 1938 ("FLSA") and claiming unjust enrichment under Virginia common law. Doc. 1.[2] Hanley alleged that the FLSA required HNH Defendants to pay Hanley her regular hourly rate for time spent traveling ("travel time") and for time spent waiting for assignments ("wait time"). Doc. 1 at 2-3. Additionally, Hanley asserted that the FLSA required HNH Defendants to compensate Hanley at time-and-a-half overtime wages for hours Plaintiff worked in excess of forty (40) hours per week. Doc. 1 at 2-3. Plaintiffs have since voluntarily dismissed their state law claim for unjust enrichment, and have filed a Second Amended Collective Action Complaint. Doc. 29 at 4-5; 30 (Second Amended Collective Action Complaint filed February 2, 2007). The Second Amended Collection Action Complaint clarifies Hanley's FLSA claims and dismisses the state law unjust enrichment allegation. Doc. 30 at 3-5. Previously, on November 6, 2006, Plaintiffs Francelia Roberts and Lequetta Bottoms joined Hanley in her action. Doc. 18; <u>See</u> Doc. 30 at 1.

On October 2, 2006, HNH Defendants filed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment, arguing, in relevant part, that Hanley's overtime claim must fail

---

[1] This section does not necessarily present the entire procedural histories of these two cases, but rather only those events which bear upon the issue(s) before the Court.

[2] Additionally, on November 9, 2006, Jajuan Kendall ("Kendall") filed a similar complaint against Hope in Home Care ("Hope") and an individual defendant. Docket No. 4:06cv143, Doc. 1. The <u>Kendall</u> case (Docket No. 4:06cv143) was consolidated with the <u>Hanley</u> case (Docket No. 4:06cv71) on January 22, 2007 by Order of the Court, with <u>Hanley</u> to serve as the lead case. Doc. 29 at 3-4. Accordingly, and in light of the similar arguments and filings in both matters, the procedural history of the <u>Hanley</u> case is primarily considered in the Procedural History section of this Memorandum, and all document numbers refer to filings in the <u>Hanley</u> action. Where filings in the <u>Kendall</u> case are referenced, the docket number is indicated as well as the document number. For the purposes of this Opinion and Order, the collective plaintiffs are referred to as Plaintiffs, and the collective defendants are referred to as Defendants.

because the "companionship services exemption" set forth in 29 U.S.C. § 213(a)(15) and 29 C.F.R. § 552.109(a) exempts her from coverage under the FLSA.  Doc. 3 at 1.  HNH Defendants further filed a Memorandum of Law in support of their motion, asserting "[t]his case revolves around the purely legal issue of the validity of Department of Labor regulation 29 C.F.R. § 552.109(a)" which precludes Hanley, as a companionship service provider, from being entitled to receive overtime for her efforts.  Doc. 4 at 2.

On October 17, 2006, Hanley filed a Motion for Collective Action Certification and Court Facilitated Notice and a supporting Memorandum.  Doc. 6 (Motion), 7 (Memorandum).  Additionally, on the same day, Hanley filed several other motions and supporting memoranda.  Docket No. 4:06cv71.  Hanley filed a Memorandum in Opposition to Defendants' Motions to Dismiss or for Summary Judgment, Motion for Partial Summary Judgment, and Memorandum in Support of Motion for Partial Summary Judgment.  Docs. 8, 9, 10.  Hanley's Motion for Partial Summary Judgment requests judgment on the issue of liability as to her overtime and travel time claims.  Docs. 9, 10.

HNH Defendants filed their Reply Memorandum in Support of Defendants' Motion for Summary Judgment on October 23, 2006.  Doc. 11.  Additionally, on October 31, 2006, HNH Defendants filed a Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment, arguing in relevant portion, that Hanley's overtime claim fails as a matter of law in light of 29 C.F.R. § 552.109(a).  Doc. 16 at 2.  HNH Defendants also assert, in part, that Hanley's "travel time" claim should not be summarily disposed of as of the date of filing in light of the discovery schedule and the numerous factual issues that will arise on this point.  Doc. 16 at 2.  HNH Defendant's filed a Memorandum in Opposition to Plaintiff's Motion to Allow Notice to Similarly Situated Employees on October 31, 2006.  Doc. 17.

On November 6, 2006, Hanley filed Reply Memorandums in Support of her Motions for Partial Summary Judgment and for Certification and Notice. Docs. 19 (Certification and Notice Memorandum), 20 (Partial Summary Judgment Memorandum).

On December 1, 2006, the Court convened a hearing to consider several motions before the Court. Doc. 32 (Transcript of December 1, 2006 Hearing); Docket No. 4:06cv71. At the onset of the hearing, the parties requested the Court to limit its consideration solely to the issue of the legal viability of Hanley's overtime claim. Doc. 32 at 2-3. Both parties stated the "core" or "primary" issue in the case was whether Hanley's overtime claim was legally cognizable. Doc. 32 at 2-3, 40. During the hearing, the parties requested the Court to certify the viability of the companionship services exemption "as a controlling question to the [United States Court of Appeals for the] Fourth Circuit ("Fourth Circuit")," and the Court granted the request. Doc. 32 at 30, 40-42. The Court ruled at the hearing that the companionship services exemption was valid and enforceable, and granted HNH Defendant's motion for summary judgment as to Hanley's overtime claim. Doc. 32 at 33-35.

On December 15, 2006, HNH Defendants filed their Answer to Hanley's Amended Complaint. Doc. 25. On January 16, 2007, the parties filed a Joint Stipulation whereby they agreed:

1. Plaintiffs in 4:06cv71 are granted leave to file a Verified Second Amended Complaint for the sole purpose of withdrawing their state law claims;
2. The sole legal issue before the Court on partial summary judgment in 4:06cv71 and 4:06cv143 is identical and is whether the "companionship services" exemption in 29 C.F.R. § 552.109(a) is valid and enforceable against third-party employees such as plaintiffs;
3. This sole legal issue can be decided without hearing in 4:06cv143, and is controlling in both cases; and
4. Consolidation of 4:06cv71 and 4:06cv143 and permission and certification solely for the purposes of interlocutory appeal of the Court's December 1, 2006 bench ruling on this controlling legal issue should be ordered as well as stay of discovery and other proceedings.

Doc. 28 at 1-2.

On January 22, 2007, the Court entered an Opinion and Order ruling on several issues before the Court. Doc. 29. Therein, the Court consolidated <u>Hanley</u>, 4:06cv71, and <u>Kendall</u>, 4:06cv143, with <u>Hanley</u> to serve as the lead case. Doc. 29 at 3-4, 26. Second, the Court dismissed Plaintiffs' unjust enrichment claim without prejudice and afforded Plaintiffs' the right to file an amended complaint. Doc. 29 at 4-5, 26-27. Third, the Court expounded on its December 1, 2006 bench ruling which found 29 C.F.R. § 552.109(a) valid and enforceable, and accordingly granted Defendants' motion for partial summary judgment as to the overtime issue and denied Plaintiffs' motion for partial summary judgment in both the <u>Hanley</u> and <u>Kendall</u> cases. Doc. 29 at 17, 23-25, 27. Lastly, the Court certified the following question to the Fourth Circuit: "Is 29 C.F.R. § 552.109(a) a valid and enforceable regulation?" Doc. 29 at 25-26.

On June 11, 2007, the Supreme Court of the United States issued a unanimous opinion declaring 29 C.F.R. § 552.109(a) is a valid and binding regulation. <u>Long Island Care at Home, Ltd. v. Coke</u>, 127 S. Ct. 2339, 2344 (2007). Thereafter, this Court received the Order of the Fourth Circuit dismissing the pending appeal in this case at the request of the appellants. Doc. 34 (Order filed July 13, 2007).

### B. <u>Kendall: 4:06cv143</u>

On November 9, 2006, Plaintiff Jajuan Kendall ("Kendall") filed a Collective Action Complaint, also alleging that the FLSA required Hope in Home Care ("Hope") and an individual defendant ("HOPE Defendants") to pay Kendall her regular hourly rate for time spent traveling and for time spent waiting for assignments. Docket No. 4:06cv143, Doc. 1 at 2-3. Kendall also alleged that the FLSA required Defendants to compensate Kendall at time-and-a-half overtime wages for hours worked in excess of forty (40) hours per week. Docket No. 4:06cv143, Doc. 1

at 2-3. Prior to the filing of a responsive pleading, Kendall amended her complaint as a matter of right to remove the unjust enrichment claim similar to the one withdrawn in 4:06cv71. Docket No. 4:06cv143, Doc. 2 (Amended Collective Action Complaint filed December 19, 2006).

As was the case in Hanley, the parties moved for partial summary judgment as to Kendall's overtime claims. Docket No. 4:06cv143, Docs. 4 (HOPE Defendants' Motion), 7 (Kendall's Motion). The parties have stipulated that the sole legal issue before the Court in both actions is identical, that this sole issue is "[w]hether the 'companion services' exemption of 29 C.F.R. § 552.109(a) applies to and is valid and enforceable against third-party employees such as Plaintiffs," and that this issue could be decided without a hearing in 4:06cv143. Doc. 28 at 2.

## II. LEGAL PRINCIPLES

29 U.S.C. § 216(b) provides, in pertinent part,

> An action to recover the liability . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

Courts "have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . by facilitating notice to potential plaintiffs." Hoffman-La Roche Inc. v. Sperling, 493 U.S. 165, 169 (1989). "The facts and circumstances" of the particular case indicate "the propriety, if not the necessity, for court intervention in the notice process." Sperling, 493 U.S. at 170. A trial court, when it becomes involved in the notice process, should do so early. Sperling, 493 U.S. at 171-72. In exercising its discretion to become involved in the notice process, "courts must be scrupulous to respect judicial neutrality," and "must take care to avoid even the appearance of judicial endorsement of the merits of the action." Sperling, 493 U.S. at 174.

Before the Court may involve itself in the notice process, the plaintiff must demonstrate that other individuals are "similarly situated" by presenting "some factual evidence" beyond mere allegation of a potential class. Bernard v. Household Int'l, Inc., 231 F. Supp. 2d 433, 435 (E.D. Va. 2002) (Smith, J.) (citing D'Anna v. M/A-Com, Inc., 903 F. Supp. 889, 898-94 (D. Md. 1995) (Legg, J.); Camper v. Home Quality Mgmt. Inc., 200 F.R.D. 516, 519-20 (D. Md. 2000) (Blake, J.)). Additionally, the plaintiff bears the burden of showing that the Court's intervention in the notice process is appropriate. D'Anna, 903 F. Supp. at 894; Camper, 200 F.R.D. at 519 ("The relevant inquiry then is not whether the court has discretion to facilitate notice, but whether this is an appropriate case in which to exercise that discretion.").

### III.   ANALYSIS

Presently, Plaintiffs have two claims before the Court, alleging Defendants did not fairly compensate travel time and wait time in violation of the FLSA, as Defendants have voluntarily dismissed their state law unjust enrichment claims and the overtime claim failed as a matter of law. Docs. 29, 30, 34. The instant motion before the Court is for Certification and Court Facilitated Notice pursuant to 29 U.S.C. § 216(b). Doc. 6. As Defendants do not oppose certification in their Memorandum in Response, and have not opposed the addition of several plaintiffs through the filing of consent forms, the Court **GRANTS** Plaintiffs' Motion for Collective Action Certification. See Docs. 17 (Memorandum in Response), 18 (Consent Forms); Docket No. 4:06cv71; Docket No. 4:06cv143. However, for the reasons to follow, Plaintiffs' Motion for Court Facilitated Notice is **DENIED**.

Regarding the two remaining claims, Plaintiffs submit the Affidavit of Colleen Hanley ("Hanley Affidavit") to show that others are similarly situated to Hanley. Doc. 7, Ex. 1. The

Hanley Affidavit provides conclusory statements that others are required to work without being legally compensated for travel time and wait time. Doc. 7, Ex. 1 at ¶¶ 4 ("Defendants still have failed to compensate me and others similarly situated for travel time, "waiting time" . . . they have suffered and continue to suffer us to work."), 10 ("At all pertinent times, Defendants did not pay me or my similarly situated co-workers . . . for our travel time between homes of clients that is all in the day's work."). Plaintiffs have attached no further evidence showing the existence of similarly situated employees.[3] The two paragraphs noted above do not set forth the affiant's basis of knowledge for the assertion that "similarly situated" employees were also illegally compensated, nor do they set forth any details regarding their pay disparity. Doc. 7, Ex. 1. In sum, the statements in the affidavit amount to no more than conclusory allegations, and do not rise the minimum level of evidence required under the law. Accordingly, the Court **FINDS** Plaintiffs have not met their burden of showing the existence of "similarly situated" individuals for the Court to become involved in the notice process.

Additionally, for several reasons, the Court **FINDS** Plaintiffs have not shown this case presents an appropriate situation for the Court to involve itself in the notice process. First, this case is over one year old, the motion was filed on October 17, 2006, and Plaintiffs have failed to request and argue this motion for Court Facilitated Notice at hearing or submit it without a hearing. Doc. 6; Docket No. 4:06cv71; Docket No. 4:06cv143; See Local Civ. R. 7(E) ("Unless otherwise ordered, a motion shall be deemed withdrawn if the movant does not set it for hearing (or arrange to submit it without a hearing) within thirty (30) days after the date on which the motion is filed."). When last before the Court, Plaintiffs chose to only argue the partial motion for summary judgment, as it represented the "core" issue in the case. Doc. 32 at 2. Plaintiffs'

---

[3] HNH Defendants have admitted to the presence of similarly situation persons regarding the overtime claim, which has been disposed of, but have made no similar admission regarding the remaining travel time and wait time claims. Doc. 17 at 4.

failure to encourage prompt Court consideration of its motion for Court assisted notice implies the Court should not become involved at all. See Sperling, 493 U.S. at 171-72 (encouraging immediate Court involvement in facilitating notice when appropriate). Additionally, the parties have agreed to the centrality of the overtime issue, which has now been resolved in favor of Defendants. Docs. 28, 29, 32, 34. Moreover, despite several newspaper articles, only two people have chosen to consent to opt in to this action. Doc. 17, Ex. 2 (Two Newspaper Articles); Doc. 18; Docket No. 4:06cv71; Docket No. 4:06cv143. Also, that evidence shows the pending suit was a "regular" conversation topic at HNH, "a relatively small company," since prior to October 30, 2006, suggests very limited interest in this suit as only two (2) consent forms have been filed. Doc. 17, Ex. 1 (Affidavit of Louise Frazier-Neal dated October 30, 2006); Doc. 17, Ex. 3 (Third Affidavit of Russell M. Lanning dated October 30, 2006); Doc. 18. Accordingly, because of the apparent limited interest in the suit, the duration this case and the instant motion have been pending, the resolution of the core issue of the suit in favor of Defendants, and Plaintiffs' decision not to seek a hearing or decision on its motion, the motion for Court Facilitated Notice is **DENIED**.

IV.     Conclusion

Plaintiffs' Motion for Collective Action Certification is **GRANTED** as unopposed by Defendants, and Plaintiffs' Motion for Court Facilitated Notice is **DENIED** for the aforementioned reasons.

The Clerk is **REQUESTED** to mail a copy of this Opinion and Order to all counsel of record.

It is so **ORDERED.**

/s/
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
August 29, 2007